IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Eric Alan Sanders, | ) | C/A No. 1:24-6854-SAL-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Family Dollar Stores of South Carolina LLC; Dollar Tree Inc.; Mauritia G. Kamer, | ) | |
| Defendants. | ) | |

The plaintiff filed this employment case in the United States District Court for the Eastern District of Virginia. There, the defendants filed a motion to dismiss and to transfer venue on July 16, 2024, pursuant to the Federal Rules of Civil Procedure. (ECF No. 9.) As the plaintiff is proceeding *pro se*, the defendants' motion included a "Notice to Pro Se Plaintiff" warning him of the requirements of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advising him of the importance of a motion to dismiss and of the need for him to file an adequate response. (ECF No. 9 at 3.) The plaintiff was specifically advised that if he failed to respond adequately, the defendants' motion may be granted, thereby ending his case. By order dated November 22, 2024, without ruling on the defendants' motion to dismiss, the Eastern District of Virginia granted the defendants' motion to transfer venue, and the case was transferred to the District of South Carolina.[1] (ECF Nos. 13 & 14.)

Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the plaintiff failed to respond to the defendants' motion to dismiss. As the plaintiff is

---

[1] This order was mailed to the plaintiff's address in Aiken, South Carolina, but was returned by the United States Postal Service as undeliverable.

proceeding *pro se*, the South Carolina district court filed an order on February 13, 2025, advising the plaintiff that it appeared to the court that he was not opposing the defendants' motion to dismiss and wished to abandon this action, and giving the plaintiff an additional fourteen (14) days in which to file his response to the defendants' motion. (ECF No. 19.) The plaintiff was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). The court also issued an order advising the plaintiff of his duty to always keep the court apprised of his current address. (ECF No. 18.) These orders were returned to the Clerk of Court by the United States Postal Service as undeliverable.[2] (ECF No. 22.) As of the date of this order, no response from the plaintiff has been received by the court.

Review of the docket shows that, other than filing his initial pleadings on August 8, 2023 and filing an Amended Complaint on May 17, 2024, the plaintiff has taken no further action in this case. At this time, the court has no means of contacting the plaintiff. Therefore, by failing to respond to the defendants' motion and by failing to keep the court apprised of his current address, the plaintiff has failed to prosecute his case.

## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis, 588 F.2d at 70; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning), cert. denied sub nom, Ballard v.

---

[2] These orders were mailed to the plaintiff at a Rock Hill address apparently procured by the defendants' attorney.

Volunteers of America, 493 U.S. 1084 (1990); Fed. R. Civ. P. 41(b).  In light of the court's recommendation, the court further recommends that any pending motions (ECF No. 9) be terminated.  The Clerk of Court is directed to mail this order to both of the plaintiff's addresses utilized in this case.

March 11, 2025  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).